IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MONETTE D. A., | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. ADC-19-656 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,[1] | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

On March 1, 2019, Monette D. A. ("Plaintiff") Petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claims for Disability Insurance Benefits ("DIB"). *See* ECF No. 1 (the "Complaint"). After consideration of the Complaint and the parties' cross-motions for summary judgment (ECF Nos. 14, 15), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 14) and Defendant's Motion for Summary Judgment (ECF No. 15) are DENIED, the decision of the SSA is REVERSED IN PART, and the case is REMANDED to the SSA for further analysis in accordance with this opinion.

### PROCEDURAL HISTORY

On March 12, 2015, Plaintiff filed a Title II application for DIB, alleging disability beginning on August 13, 2003. Plaintiff later amended her alleged onset date to January 11, 2011. Her claims were denied initially and upon reconsideration on June 22, 2015, and February 5, 2016,

---

[1] Currently, Andrew Saul serves as the Commissioner of the Social Security Administration.

1

respectively. On March 8, 2016, Plaintiff filed a written request for a hearing and, on June 21, 2017, an Administrative Law Judge ("ALJ") presided over a hearing. On December 1, 2017, the ALJ rendered a decision ruling that Plaintiff "was not under a disability within the meaning of the Social Security Act [the "Act"] from August 13, 2003, through the date last insured." ECF No. 11 at 24.[2] Thereafter, Plaintiff filed an appeal, and on January 4, 2019, the Appeals Council denied Plaintiff's request for review. Thus, the decision rendered by the ALJ became the final decision of the SSA. *See* 20 C.F.R. § 416.1481 (2018); *see also Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On March 1, 2019, Plaintiff filed the Complaint in this Court seeking judicial review of the SSA's denial of her disability application. On October 11, 2019, Plaintiff filed a Motion for Summary Judgment, and Defendant filed a Motion for Summary Judgment on December 18, 2019. Plaintiff filed a response on January 8, 2020.[3] This matter is now fully briefed, and the Court has reviewed both parties' motions.

## STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not

---

[2] The Court cites to the page numbers generated by the CM/ECF filing system.

[3] On February 6, 2020, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

2

conduct a *de novo* review of the evidence, and the [SSA]'s finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." (citation and internal quotation marks omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations and quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

### DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB and/or SSI, a claimant must establish that he is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant shall be determined to be under disability where "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective

medical evidence. SSR 16-3p, 2017 WL 5180304, at *2–13 (Oct. 25, 2017). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments he has received for his symptoms, medications, and any factors contributing to functional limitations. *Id.* at *6–8.

At step four, the ALJ considers whether the claimant is able to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ DETERMINATION

In the instant matter, the ALJ preliminarily found that Plaintiff met the insured status requirements of Title II of the Act through December 31, 2014. ECF No. 11 at 25. The ALJ then performed the sequential evaluation and found at step one that Plaintiff "did not engage in

substantial gainful activity during the period from her amended onset date of January 11, 21011, through her date last insured of December 31, 2014." *Id.* At step two, the ALJ found that Plaintiff had severe impairments of "obesity; asthma; high blood pressure; diabetes; depression with Bipolar Disorder; and anxiety with Panic Disorder." *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 27. The ALJ then determined that Plaintiff had the RFC:

> to perform light work as defined in 20 CFR 404.1567(b). In addition, [Plaintiff] needed to have the option to alternate between sitting and standing once every hour. She could not perform production rate paced work. [Plaintiff] could not work with the public. She could occasionally interact with coworkers. [Plaintiff] required a "low stress" work environment, meaning she could occasionally tolerate changes in her work routine and could only occasionally make decisions. In addition, due to the side effects of pain and her medications, [Plaintiff] would have been expected to be "off task" 10% of the workday.

*Id.* at 30. The ALJ then determined at step four that Plaintiff had past relevant work as a nursing assistant, administrative assistant, service clerk, and retail sales clerk. *Id.* at 33. Finally, at step five, the ALJ found "considering [Plaintiff's] age, education, work experience, and [RFC], there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed." *Id.* at 34. Thus, the ALJ concluded that Plaintiff "was not under a disability, as defined in [the Act], at any time from August 13, 2003, the alleged onset date, through December 31, 2014, the date last insured." *Id.* at 35.

## DISCUSSION

Plaintiff raises two allegations of error on appeal: (1) the ALJ posed an improper hypothetical to the Vocational Expert ("VE") by using the term "production rate paced work" without defining it; and (2) the ALJ's RFC determination was not supported by substantial evidence because she failed to explain how she arrived at the determination Plaintiff would be

7

"'off task' 10% of the workday." Plaintiff frames her first argument as an error in the hypothetical presented to the VE, but the argument could also be framed as an error in the ALJ's RFC finding for improper use of the term "production rate paced work." *See Ursula G. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-1841, 2019 WL 2233978, at *2 (D.Md. May 23, 2019) (considering use of the term "production pace" and noting the challenge to the term could be presented either to step five or to the RFC analysis because "the deficient RFC assessment would also infect the hypothetical based on that assessment"). The Court agrees the ALJ's RFC finding was not supported by substantial evidence because she improperly used the undefined term "production rate paced work" and improperly found Plaintiff would be off task 10% of the workday. The ALJ's error in formulating her RFC finding caused her to pose an improper hypothetical to the VE.

In determining RFC specifically, an ALJ must consider the entire record, opinion evidence, impairments that are not severe, and any limitations the ALJ finds. 20 C.F.R. §§ 404.1545(a), 416.945(a) (ordering the ALJ to consider the entire record); SSR 96-8p, 1996 WL 374184, at *2 (defining the RFC as an assessment of an individual's ability to perform vocational-related physical and mental activities). Furthermore, it is the duty of the ALJ to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

Social Security Ruling ("SSR") 96-8p provides the proper framework for evaluating a claimant's RFC. Specifically, the Ruling provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must

8

> also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted). Furthermore, "[t]he Ruling instructs that the [RFC] 'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations. Only after that may [the RFC] be expressed in terms of the exertional levels of work[:] sedentary, light, medium, heavy, and very heavy." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (footnote omitted) (quoting SSR 96-8p, 1996 WL 374184).

Plaintiff challenges the ALJ's use of the term "production rate paced work," as the ALJ did not properly define the term. ECF No. 14-1 at 10–13. Plaintiff points to the Fourth Circuit's opinion in *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019), to bolster her argument that the ALJ's use of this term is a basis for remand. In *Thomas v. Berryhill*, the Fourth Circuit found that the underlying ALJ's analysis "fail[ed] to provide a logical explanation of how she weighed the record evidence and arrived at her RFC findings." 916 F.3d at 311. One of the four errors the court found the ALJ made during the RFC analysis was that the ALJ did not provide the court "enough information to understand" the restriction that claimant "could not perform work 'requiring a production rate or demand pace.'" *Id.* at 311–12. The Fourth Circuit found that "[c]ombined, the above-listed missteps in the ALJ's RFC evaluation frustrate our ability to conduct meaningful appellate review." *Id.* at 312.

In interpreting *Thomas v. Berryhill*, this Court has encountered two categories of scenarios regarding an ALJ's use of "production rate pace," or similar terms: scenarios in which the ALJ provided a definition for the term, and scenarios in which the ALJ did not. In *Teresa B. v. Commissioner, Social Security Administration*, No. SAG-18-2280, 2019 WL 2503502 (D.Md. June 17, 2019), the ALJ in the underlying decision "included an RFC provision limiting Plaintiff

9

to 'no work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the other)." *Id.* at *2. The Court in this case found that the ALJ's use of "production-rate pace" was acceptable because he included a definition for the term immediately thereafter. *Id.* On the other hand, in *Travis X. C. v. Saul*, No. GJH-18-1210, 2019 WL 4597897 (D.Md. Sept. 20, 2019), the ALJ in the underlying decision included an RFC provision that the plaintiff "can perform jobs consisting of simple (1- to 3-step tasks), routine, and repetitive tasks, in a work environment without production rate pace." *Id.* at *2. The ALJ in that case did not include a definition or explanation of what he meant by "production rate pace." *Id.* at *5. The Court, therefore, found "the ALJ did not provide the proper 'logical bridge'" to support his use of the term "production rate pace," and the Court was "left to guess" the basis of the term, warranting remand. *Id.*

Here, this case is more analogous to *Travis X. C.* than to *Theresa B.* The ALJ failed to provide a definition, explanation, or anything else serving as a "logical bridge" to unlock the meaning of her use of the term "production rate pace." In fact, she did not even mention the term in her explanation of her RFC finding. *See* ECF No. 11 at 30–33. Accordingly, the ALJ erred by failing to elaborate on this term.

Plaintiff also challenges the ALJ's finding that she is "expected to be 'off task' 10% of the workday." *Id.* at 30; ECF No. 14-1 at 14–17. When conducting the RFC analysis, an ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio*, 780 F.3d at 636. Furthermore, the ALJ must "build an accurate and logical bridge" between the record evidence and the ALJ's RFC finding. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)); *see also Deborah*

10

*P. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-1850, 2019 WL 1936721, at *2 (D.Md. Apr. 30, 2019).

The ALJ provided no explanation for the conclusion Plaintiff would be "'off task' 10% of the workday." The ALJ mentioned this percentage twice in her RFC analysis, and both times the percentage was part of a conclusory sentence stating it was supported by the evidence, when, in fact, no evidence was cited. *See* ECF No. 11 at 31 ("The evidence showed [Plaintiff] could tolerate limited social interaction. She could occasionally make decisions and tolerate changes in her routine with breaks amounting to about 10% of the workday due to her obesity, pain and medications."); *id.* at 32 ("The evidence supports my finding that from 2011 to 2014, [Plaintiff] could perform light level work where she could alternate between sitting and standing once an hour and be 'off task' for about 10% of the day."). None of the evidence the ALJ does describe assigns a particular percentage of time Plaintiff would be off task throughout the entire workday, and the ALJ declined to build "an accurate and logical bridge" between Plaintiff's limitations and the RFC determination. *See Monroe*, 826 F.3d at 189. Accordingly, the Court is "unable to conduct meaningful . . . review" of how the ALJ arrived at the percentage. *See Thomas*, 916 F.3d at 312. Thus, the ALJ's RFC determination is not supported by substantial evidence, and remand is warranted.

## CONCLUSION

In summation, the Court finds that the ALJ improperly found that Plaintiff was "not disabled" within the meaning of the Act from April 6, 2015, through the date of his opinion. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 14) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 15) is DENIED,

and the decision of the SSA is REMANDED for further proceedings in accordance with this opinion. In so holding, the Court expresses no opinion as to the validity of the ALJ's ultimate disability determination. The clerk is directed to CLOSE this case.

Date: 3 March 2020

A. David Copperthite
United States Magistrate Judge